

COURTESY COPY

JUNE FOSTER, Appellant
P.O. Box 2134
San Leandro, CA 94577
510-614-8156 (phone)

UNITED STATES DISTRICT COURT
Southern District of New York

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  4 | 22 | 08

In re GRANITE BROADCASTING
CORPORATION et al , Debtors and
Reorganized Debtors

:
:
:
:
:
:
:
:
:
:

**Case No. 07-CV-6217 (CM)**

**NOTICE, MOTION FOR
REHEARING, PURSUANT TO
FEDERAL RULES OF
BANKRUPTCY PROCEDURE RULE
8015**

# MEMO ENDORSED

TO THE HONORABLE COLLEEN MCMAHON OF THE SOUTHERN
DISTRICT OF NEW YORK AND GRANITE BROADCASTING:

## I.  NOTICE

I, June Foster, a holder of an impaired Granite Broadcasting Corporation general

unsecured claim and appellant, hereby notifies this court and debtors of my Motion for

Rehearing resulting from an opinion affirming the bankruptcy court orders. In support of

this motion, I, appellant, respectfully represent:

## II. RELIEF SOUGHT ON MOTION

I, holder of a personal injury unsecured claim, move this Court for an Order of

Rehearing, pursuant to *Federal Rules of Bankruptcy Procedure, Rule 8015*. On April 7,

2008, this Court entered the order that **unfairly** dismissed my appeal to

debtors/reorganized debtors (hereinafter "Granite" or "debtors") confirmation order as

moot because substantial consummation of Plan has occurred, and affirmed the bankruptcy

court's order estimating my personal injury claim to zero. I assert said judicial act is

1-Motion for Rehearing, pursuant to Bankruptcy Rule 8015

*4/22/08*
*The motion for rehearing (reconsideration)*
*is DENIED.   Colleen McMahon*
*USDJ*

*Copies mailed/faxed/handed to counsel on 4/22/08*

unconscionable and a miscarriage of justice. I filed this motion timely pursuant to *Federal Rules of Bankruptcy Procedure, Rule 8015.*

## III. PROCEDURAL HISTORY

1.  Last year, this Court granted my requests for extensions of time to file briefs in the above-entitled matter, and my request to postpone my scheduled oral argument due to my very strained financial status as a California resident and daycare issues for my children. On April 3, 2008, the Court ruled against my pro se, *informa pauperis* appeal from orders of the bankruptcy court.

## IV. GROUNDS FOR GRANTING REHEARING

For the reasons set forth in this Motion, and the declaration in support of said motion, an Order of Rehearing should be granted because:

2.  Part of my appeal should be restored from dismissal as moot and the other part of my appeal should not be affirmed due to <u>clear errors of law and fact, omission of judicial determination, and overlooking controlling law and/or statues, the interests of justice, and an intermediate option.</u>

## A. Appeal Issues

3.  My appeal issues are: **a)**. Did the bankruptcy court violate a Title 11 Congressional mandate when it estimated my personal injury tort claim claim to zero for purposes of distribution against the estate of debtors, pursuant to Title 28 U.S.C. section 157 (b)(1), (b)(2)(B), (b)(2)(O) and (b)(5)? And, the 14th Amendment component to said question;  **b)**. Did the justice's action usurp the function of Congress passing *Title 11 section 502(a),* when he disallowed my claim, despite debtors not objecting to said claim? And, the 14th Amendment component to said question; **c)**. Did the bankruptcy court in its role as an estimator, not as a finder of fact, abuse its discretion when it used the binary

2-Motion for Rehearing, pursuant to Bankruptcy Rule 8015

approach of all-or-nothing when it estimated my personal injury claim to zero? And, the 14th Amendment component to said question; d). Did the justice's action violate Congress passing *Title 11 section 1123(a)(4)* in a bankruptcy proceeding of equal protection and treatment when he confirmed a plan in which I was part of an impaired class and received different treatment from any other member of said class? And, the 14th Amendment component to said question; e). Was Granite's Reorganization Plan under Title 11 Confirmable as a Matter of Law, pursuant to 11 U.S.C. sections *1129, 1129(b)(1), 1123(a)(4), 1123 (a)(5)(G), 1129(a)(7)(A)?* And, the 14th Amendment component to said question; f). Did the justice's actions amount to bias or prejudice, thereby giving him no duty to sit on case, pursuant Congress passing *Title 28 section 144 and 455?* And, the 14th Amendment component to said question.

4. Granite's appeal issues predominantly are: a). my appeal of confirmation order is moot because substantial consummation has occured, and b). whether my claim is a personal injury claim or not, the bankruptcy court still had authority to estimate it to zero.

**B. Standard of Review**

5. When a district court is acting as an appellate court in a bankruptcy case, Bankruptcy Rule 8015 provides the sole mechanism for filing a motion for rehearing. *Ben-Baruch v. Island Props* (F.D.N.Y. 2007) 362 B.R. 565,566.

**C. Clear Errors of Law, Omission of Judicial Determination, Overlooking Controlling Law and/or Statues, Interests of Justice, and Intermediate Option**

6. I strongly assert this Court has violated its oath of office, *28 U.S.C. section 453,* as a caretaker of the 14th Amendment U.S. Constitution, Federal Rules of Civil Procedure, Bankruptcy Rules of Civil Procedure, Federal Appellate Rules of Civil Procedure, California law and federal statues. The clear errors of law and fact, omission of judicial determination, and overlooking controlling law and/or statues clearly impeded the fair and

accurate disposition of my appeal. At no time did this Court apply an iota of legal fairness to my appeal, despite established case law asking of this duty. Because of the federal stakes at issue and the public policy violations, substantial procedural and due process rights must be adhered to "…a civil rights plaintiff…must be heightened when a civil rights plaintiff appears *pro se*…There is, therefore, a greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done." *Canty v. City of Richmond, Va. Police Dept.* (1974) 383 F. Supp. 1396, 1399-1400.

7. **"A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence."** *Cooter v. Gell* (1990) 496 U.S. 384 at 405.

### *Court's Opinion Regarding Estimation of My Personal Injury Claim*

8. This Court erroneously ruled a bankruptcy court was allowed to estimate my personal injury claim (pages 12-14 of opinion). But, the staunchly entrenched bankruptcy law codified in all its glory of Public Law 98-353, Sec. 104 {H.R. 5174] emphatically says the opposite. My *personal injury claim* was not to be estimated to zero by the bankruptcy for purposes of distribution, due to **Congressional mandate** *28 U.S.C. section 157 (b)(2)(B), (b)(2)(O)*. Anything ruled different than the congressional mandate is an **erroneous view of the law**. The bankruptcy court had no subject matter jurisdiction to estimate my claim. This Court refers to *California's Civil Code section 335.1* and my *42 U.S.C. 1983* lawsuit (which is allegedly time-barred) as a basis for affirming the bankruptcy court's estimation. First, the bankruptcy *did not* estimate my claim on those grounds. Instead, the lower court used the "failure to estimate would unduly delay" tactic to rule against my claim. Also, **the lower court did not submit recommended findings of**

4-Motion for Rehearing, pursuant to Bankruptcy Rule 8015

fact and conclusions of law for a non-core matter, as required in *28 U.S.C. section 157 ( c)(1)* and *Bankruptcy Procedure, Rule 9033(a)*.

### This Court's Opinion Is Contrary To Other Case Law In This District

9. Established case law in this District is contrary to this Court's ruling. *In re Vinci* (Bankr. S.D.N.Y 1989) 108 B.R. 439, *In re Boyer* (Bankruptcy N.D. N.Y. 1988) 93 B.R. 313, 317-318, and *In re Smith* (N.D.N.Y 1988) 95 B.R. 286,289-291, all agree that a personal injury claim is not a core-proceeding, and thus no jurisdiction for bankruptcy courts. Said case law was submitted with my reply brief on pages 2 and 3 but this Court **thoroughly ignored it**, as though I never submitted any briefs.

### My State and Federal Rights

10. Furthermore, the adjudication of my state-created private rights under *Cal. Civ. Proc. Code section 335.1* is not under the discretion of a bankruptcy judge, *Northern Pipeline v. Marathon* (1982) 458 U.S. 50. This Court **overlooked** this well-established binding legal precedent. Also, my federal rights found in *42 U.S.C. section 1983* are not under the jurisdiction of a bankruptcy court. The U.S. Supreme Court ruled, "the phrase 'applicable no bankruptcy law' appears elsewhere in the Code, and courts have construed those references to include federal law, " *Patterson v. Shumate* (1992) 504 U.S. 753, fn. 2

### My Civil Rights Claim Does Not Arise Under Title 11

11. Therefore, my initial claim would exist without any bankruptcy proceedings, as it exists *now* in a federal court in California. Pursuant to *28 U.S.C.A. section 1334 (b) and 157 (b)*, my claim **does not arise** under a statutory provision of or substantive right created by Title 11. My lawsuit is not a core bankruptcy proceeding that would only exist in the context of bankruptcy law. The nature of my State and Federal constitutional civil rights lawsuit is clearly different from anything under the bankruptcy code. *Commercial*

*Heat Treating of Dayton, Inc. v. Atlas Ind.* (Bankr. S.D. Ohio 1987) 80 B.R. 880, 884-890

(quoting In re Wood, supra, 825 F. 2d at 96-97.) A de facto trial by the lower court of my

rights cited above was not allowed for my personal injury claim in any form because I

have a right to a jury trial in the district court, *28 U.S.C. section 157 (b)(5).*

**Misapprehension of Judicial Facts**

12. This Court concludes in its opinion, that my initial claim has been denied

through "every" court, and it has 'no legal basis.' That is a **misapprehension** of truth and

established case law. My initial claim is *still pending* in the U.S. Courts for the Northern

California District, San Jose Division. Not to mention California State courts have

procedures and laws that will allow long litigated claims to proceed for the interests of

justice. Also, said 'operative' summary of the judicial facts is a sad example of this Court

closing its eyes to its *de novo* powers, pursuant to *Bankruptcy Rule 9033(d)*. **I ask: Why**

**Should I be Punished Because Its Taking Time for the Courts to Roll Down Justice**

**Like Streams of Water?** Furthermore, *Title 11 U.S.C. section 101 (5)(A)* states a claim is

a claim, liquidated, fixed or legal, etc. *11 U.S.C. section 101 (5)(A):* claim means--a right

to payment, whether or not such right is reduced to judgment, liquidated, unliquidated,

fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or

unsecured. **My appeal was about how my non-core bankruptcy claim was treated in**

**bankruptcy court,** not the adjudication of my California State rights and federal

constitutional rights for purposes of estimation.

13. As for 'no legal basis,' according to the U.S. Supreme Court my initial claim

involving violations of constitutional guarantees and promises is a ground for legal basis

and remedy. **"Thus, the right of the petitioners to recover under their complaint will**

**be sustained if the Constitution and the laws of the United States are given one**

6-Motion for Rehearing, pursuant to Bankruptcy Rule 8015

construction and will be defeated if they are given another. For this reason the District Court has jurisdiction." *Bell v. Hood* (1945) 327 U.S. 678, 685.

*Civil Rights Lawsuit Is Out of the Bounds of a Bankruptcy Court*

14.  For clarification purposes, I ask this Court to revisit it's **comprehension** of the procedural facts of my initial complaint that is the basis for my personal injury claim (page 16 and 17 of Appellant's Opening Brief). In short summary, my *42 U.S.C. 1983* lawsuit is not time-barred, as Granite alleges. It began on August 2006, *after* the California Supreme Court refused to review my appeal for State and Federal constitutional violations. I filed it in federal court in September 2006, well within time to meet statue of limitations. Furthermore, this Court **overlooked** California's equitable tolling in using *Cal Civ Proc. Code section 335.1.* California Supreme Court ruled in *Lantzy v. Centex Homes* (2003) 31 Cal. 4th 363, 2 Cal Rptr. 3d 655, 661, 662, 661, equitable tolling "operates independently of the literal wording of the Code of Civil Procedure to suspend or *extend a statue of limitations* as necessary *to ensure fundamental practicality and fairness*...the effect of equitable tolling is that *the limitations period stops running* during the tolling event, and begins to run again only when the tolling event has concluded. As a consequence, the tolled interval, no matter when it took place, is tacked onto the end of the limitations period, thus extending the deadline for suit by the entire length of time during which the tolling event previously occurred...*Elkins v. Derby* (1974) 12 Cal. 3d 410-414-420, 115 Cal. Rptr. 641, 525 P. 2d 81 (*Elkins*) [one-year period for personal injury action was tolled while plaintiff, acting in good faith, pursued worker's compensation remedy against defendant]"

15.  For further background information on my initial claim (as provided to the bankruptcy court, and California federal district court), I assert said dispute involves 'two fires.' Granite deprived me of my State and Federal constitutional rights in terminating my

employment under color of State law, abusing privileges and usage of State rights created by *California Corporations Code section 191 and 2100*. Section 1 of the 14th Amendment, but also section 5 applies to violations of Granite's conduct. <u>Section 5: The Congress shall have power to enforce, by appropriate legislation, the provisions of this article.</u> Congress has power under this clause to reach **purely private acts.** *Common of Pa. v. Local Union No. 542 Intern. Union of Operating Engineers* (1972) 347 F. Supp. 268, 297. "...Not only may Congress impose such liability, but the varieties of private conduct that may make criminally punishable or civilly remediable *extend far beyond the actual imposition of slavery or involuntary servitude.* By the Thirteenth Amendment, we committed ourselves as a Nation to the proposition that the former slaves and their descendant should be forever free...Congress was wholly within its power in creating a statutory cause of action for Negro citizens who have been the victims of...private action aimed at depriving them *of the basic rights that the law secures to all free men." Common of Pa.* at 298; see also *Browder v. Gayle* (1956) 142 F. Supp. 707, 715, affirmed by the U.S. Supreme Court (1956) 352 U.S. 903, the federal court ruled a private bus company was constitutionally wrong to segregate African-Americans on buses and deprive them of 14th Amendment rights through State action.

16. California State Courts are responsible for further infringing on my constitutional rights by ignoring the law set-up by both the State legislation and the Federal legislation, U.S. Congress, to protect me from the evil harms of retaliatory discrimination and halting my lawful calling. This makes for 'two fires.' I strongly assert that I was deprived of the essential ingredients for a fair state appellate review, pursuant to *California Constitution Article 6 sec. 13*, which is thereby a further violation of the Due Process and Equal Protection Clause of the 14th Amendment.    ..."**The state acts, *within the scope of***

8-Motion for Rehearing, pursuant to Bankruptcy Rule 8015

*the Fourteenth Amendment, not only where its judicial officers deny procedural due process or equal protection but where in enforcing a common law rule they deny substantive rights guaranteed by the Amendment; the Amendment covers exertions of state power in all forms." Shelly v. Kraemer (1948)* 334 U.S. 1, 68 S. Ct. 841;  "...we have explained that the purpose of the equal protection clause of the Fourteenth Amendment is to **secure every person with the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statue or by its improper execution through duly constituted agents."** *Village of Willowbrook v. Olech* (2000) 528 U.S. 562, 564.

17. In its opinion on page 12, this Court concludes my claim was barred through the Full Faith and Credit Act and the doctrine of claim preclusion due to Granite's argument. In my reply brief I had attempted to answer Granite claims, but I was *crippled* by this Court only allowing me 10-pages for an entire reply brief, instead of the 25 pages allowed under Bankruptcy Rule 8010 ( c).

**Rooker Feldman Bar, pursuant to 28 U.S.C. section 1738**

18. I assert in certain circumstances the *Rooker-Feldman* doctrine is inapplicable where a state court **did not consider** federal plaintiff's constitutional claims, *"Rooker* made it clear that the only constitutional questions arising from a state proceeding on which the Supreme Court considered itself to be the final arbiter, were those that actually arose in the cause in which a full hearing was held and where the judgment was responsive to the issues. Otherwise, if *Rooker* were a blanket jurisdictional bar precluding the litigation of claims even if there had been no actual state opportunity to litigate them, *Rooker* would swallow the full and fair opportunity to litigate limitation to res judicata clearly established elsewhere by the Supreme Court." *Robinson v. Arroyos* (9th Cir. 1985)

753 F. 2d 1468, 1471-72 *vacated and remanded on other grounds,* 477 U.S. 902, 106 S.

Ct. 3269, 91 L. Ed. 2d 560 (1986). Another Circuit agreed with this principle in

*Robinson.*[1]

19. Furthermore, *Nasso v. Seagal* (E.D.N.Y. 2003) 263 F. Supp. 2d 596, 608 held,

"Because the Rooker Feldman doctrine does not work to defeat a district court's authority

over the management of its own case...In any event, **the doctrine does not apply to any**

**review that is authorized by Congress.**"

20. Furthermore, "such a harsh rule might deprive the plaintiff of any forum, state

or federal, where he has a reasonable opportunity to present his federal constitutional

claims, a result arguably contrary to the requirements of due process, " *Wood v. Orange*

*County* (11ᵗʰ Cir. 1983) 715 F. 2d 1543, 1547.

21. These following cases also found federal jurisdiction because the *Rooker-*

*Feldman* bar did not apply because claims in federal court were different than in State

court: *Merrill Lynch Business Financial Services, Inc. v. Nudell* (10ᵗʰ Cir. 2004) 363 F.

1072; *Children A & B ex. Rel. Cooper v. Florida,* (N.D. Fla. 2004) 355 F. Supp. 2d 1298;

*Davis v. Durham Mental Health Developmental Disabilities Substance Abuse Area*

*Authority* (M.D.N.C. 2004) 320 F. Supp. 2d 378; *Largess v. Supreme Judicial Court for*

*State of Massachusetts* (D. Mass. 2004) 317 F. Supp. 2d 77.

**Review of State Court Judgments**

22. As for state court judgments being reviewed by federal courts, on December

11, 2006, Granite filed its Title 11 petition in this court. Because of that, this court has

original jurisdiction and it may avoid state court judgments, pursuant to *11 U.S.C. sections*

---

[1]    "an issue cannot be inextricably intertwined with a state court judgment if the
plaintiff did not have a reasonable opportunity to raise the issue in state court proceedings,"
*Long v. Shorebank Dev. Corp.* (7th Cir. 1999) 182 F. 3d 548, 558.

544, 547, 548, 549 or modify state court judgments, pursuant to *11 U.S.C. sections 1129, 1325.*

23. Also, there is further United States Congressional approval and the United States Supreme Court affirmation. Pursuant to *28 USC section 1450*, the United States Supreme Court held, "...orders of the State Court, in a case afterwards removed, to be in force until dissolved or modified by the Circuit Court. This fully recognizes the power of the latter court over such orders," *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, Local No. 70 of Alameda County* (1974) 415 US 423, 437. In other words, the federal court takes up where the state court left off. Everything becomes federalized. *Duncan v. Gegan* (1879) 101 US 810, 812, *Allmark v. Platte* (1896) 76 F. 615, 615.

24. Furthermore, review of State court judgments appropriate where federal law concerned, *Quinn v. v. Aetna Life & Cas. Co.* (D.C. N.Y. 1979) 482 F. Supp. 22, 27.

**Fairness Must Be Adhered To**

25. Review of my case also follows the principle set up in Federal Rules of Civil Procedure, Rule 1. "These rules...shall be construed and administered to secure the **just**, speedy, and inexpensive determination of every action." *Nasso v. Seagal (E.D.N.Y. 2003)* 263 F. Supp. 2d 596, 609-610 "While the review or prior orders may slow the progress of an action, the Federal Rules of Civil Procedure are aimed at securing determinations that are **just**..."

**Res Judicata (claim preclusion)**

26. I allege res judicata does not apply to this case for the same reason stated above in *Robinson*. I was not given a full and fair opportunity to litigate my constitutional issues in California State courts. "If no consideration has been given, or any decision on the

11-Motion for Rehearing, pursuant to Bankruptcy Rule 8015

matter is ambiguous, it is unlikely that the issues presented to the state high court and the

federal court are inextricably intertwined that the federal court cannot take jurisdiction. Nor

is it likely that there will have been a full enough and fair enough opportunity for litigation

to warrant the claim preclusive effect of res judicata." *Robinson v. Arroyos* (9th Cir. 1985)

753 F. 2d 1468, 1472.

### *The Conduct This Court Displays Toward The Judicial Fact that Granite Did Not Object to Prima Facie Claim Amounts To Clear Error of law, Substantial Omission of Judicial Determination, and Overlooked Controlling law and/or statues*

27. As a private citizen, I am very disappointed and devastated that this Court

turned a blind eye to Granite's lack of following well-established procedure under the

bankruptcy Code. It is true Granite sought a determination of my initial claim that is not

related to bankruptcy law whatsoever, in bankruptcy court. But it is **grossly unfair** for this

Court to affirm the estimation of my personal injury claim when Granite did not object,

pursuant to *11 U.S.C. section 502(a)*. **I ask this Court how can my claim have been**

**estimated, pursuant to *11 U.S.C. section 502(c)*, when there was no objection filed?** In

particular *section 502(b)* states the following: **if such objection to a claim is made, the**

**court after notice and hearing, shall determine the amount of such claim in lawful**

**currency...**

28. The filing of a prima facie proof of claim invokes the special rules of

bankruptcy concerning objections to claims, then estimation of the claim for allowance

purposes, *Matter of Wood* (5th Cir. 1987) 825 F. 2d 90.   But Granite did not follow the

special rules of bankruptcy.

29. **Overlooking** an objection to a claim mounts to a clear error of the law,

substantial omission of judicial determination, and overlooking controlling law and/or

statues. I ask this Court to revisit pages 18-22 of my Opening Brief, and note Granite does

not respond to said argument in its Opposition brief, therefore a waiver is in effect.

30. **"A district court would necessarily abuse its discretion if it based its ruling on an _erroneous view of the law_ or on a _clearly erroneous assessment of the evidence._"** *Cooter v. Gell* (1990) 496 U.S. 384 at 405.

### Interests of Justice

31. The following federal statues, federal procedures, and established case law were totally eviscerated by this Court in its **omission of judicial determination;** *11 U.S.C. section 502(a)* and *(b),* **Public Law 98-353,** *Bankruptcy Rules 3007* and *7001; In re Schmidt* (Bkrtcy M.D. Fla. 1994) 164 B.R. 696, 699, *In re Honaker* (Bkrtcy E.D. Mich. 1980) 4 B.R. 415, 416, *In re America's Shopping Channel, Inc.* (Bkrtcy. S.D. Cal 1990) 110 B.R. 5, 6. I ask this Court to revisit pages 19-22 of my Opening Brief because it was simply **overlooked.** Since these laws were ignored, then so was my right of Due Process and Equal Protection under the law. Therefore, the interests of justice militates this Court to grant a rehearing. A final judgment may be vacated where such action is appropriate to accomplish justice. *U.S. v. Nolder* (5th Cir. 1984) 749 F. 2d 1128.

### Court's Opinion Regarding My Appeal to Granite's Confirmation Order

32. Due to substantial consummation of confirmed Plan, this Court ruled my appeal of Granite's confirmation order is moot and it would be inequitable to fashion a remedy of relief that I requested.

### This Court's Opinion Is Contrary To Other Case Law In This Circuit

33. Established case law in this Circuit upholds my argument that my appeal is not moot. *In re Chateaugay Corp.* (2nd Cir. 1993) 10 F. 3d 944, 952-954, states "substantial consummation of a reorganization plan is a momentous even, but it does not necessarily make it **impossible** or **inequitable** for an appellate court to grant effective relief."

13-Motion for Rehearing, pursuant to Bankruptcy Rule 8015

34. Furthermore, the case law I cited on page 8 of my reply brief, also states district courts have a duty to examine carefully my requests for relief, *id at 952, and* " a claimant should not be out of court on grounds of mootness solely because its injury is too great for the debtor to satisfy," *id at 954; see also In re Best Prods. Co.* (2d Cir. 1995) [appeal not mooted, even though stay not sought] Other Circuits also uphold my argument: (7th Cir. 1994) *In re Envirodyne,* 29 F. 3d 301, 304;  (D.C. Cir. 1986) *In re AOV Industries,* 792 F. 2d 1140-1148 [appeal not mooted, even though stay not sought]; (1st Cir. 1988) *Rivera-Gomez v. de Castro,* 843 F. 2d 631, 635; (E.D.V.A. 2006) *In re Anderson,* 349 B.R. 448 [no stay sought, appeal not mooted]. I ask this Court to revisit my argument on pages 7-9 of reply brief because it was **entirely ignored, as though I never submitted any briefs.**

### *Constitutional "Live" Controversy Does Not Allow a Mooted Appeal to the Confirmation Order*

### ARTICLE III. SEC. 2 OF THE U.S. CONSTITUTION
The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;--to all Cases affecting Ambassadors, other public ministers and Consuls;--to all Cases of admiralty and maritime Jurisdiction;--to Controversies to which the United States shall be a Party;--to Controversies between two or more States;--between a State and Citizens of another State;--between Citizens of different States;--between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

35. In order to avoid being rendered moot, "the controversy must exist at every stage of the proceeding including the appellate stage." *Roe v. Wade* (1973) 410 U.S. 113, 125. Or, "when the issues presented are no longer 'live' or the parties 'lack a legally cognizable interest in the outcome.'" *United States Parole Commission v. Geraghty* (1980) 445 U.S. 388, 396. In my instant appeal (where I allege discriminatory treatment under bankruptcy law), it is obvious the controversy on the estimation of my claim is still alive, and I have not received distribution under the confirmed plan, therefore, an effective and

14-Motion for **Rehearing, pursuant to Bankruptcy Rule 8015**

equitable remedy can still be ordered. Also consideration of the Granite's confirmed plan can not be moot because the bankruptcy's court estimation of my claim is not closed, nor does it require filing a stay. The doctrines of constitutional, pursuant to Article III, sec. 2, and equitable mootness, taken together as one consideration, do not allow my appeal to be mooted. *In re Chateaugay Corp.* (2nd Cir. 1993) 10 F. 3d 944, see also *In re Best Products Co.* (2nd Circuit 1995) 68 F. 3d 26. **Furthermore, I ask this Court how can a challenge to the bankruptcy's court subject matter jurisdiction ever be moot, when the law mandates all bankruptcy orders are mandatory reviewed by a district court, pursuant to *28 section 157?***

### *Overlooked Motion of Judicial Bias*

36. This Court also **overlooked** my substantial appeal of judicial bias or prejudice, *28 U.S.C. sections 144, 455*. I ask this Court to please revisit my argument on pages 38-45. My fundamental question to this Court was: **how can the bankruptcy court allow Harbinger Corporation to receive a settlement when I did not?** The bankruptcy court concluded that my claim and Harbinger were not likely to be successful in court, but allowed Harbinger to settle its claim, but not me. Clearly, that is fundamentally unjust.

### *Intermediate Options Are Equitable and Doesn't Unravel Reorganized Debtor*

37. I ask this Court in the interests of justice to consider intermediate options as a remedy, *In re PWS Holding Corp.* (3rd Cir. 2000) 228 F. 3d 224. Granite has provided <u>no evidence</u> showing to consider the merits of my appeal (where I allege discriminatory treatment under bankruptcy law) or fashion an equitable remedy would unravel the entire plan or reorganization. In this district *In re Chateaugay Corp.* (S.D.N.Y 1994) 167 B.R. 776,780 , (quoting *In re Chateaugay Corp.* (2nd Cir. 1993) 10 F. 3d 944,952) held,"…it is difficult to conceive how a potential liability of, at most, several million dollars could

unravel the Debtor's reorganization, which involved the transfer of billions of dollars, and which has resulted in the revival of Debtors into a multibillion dollar operation with $200 in working capital...appellees have made no showing that it would 'knock the props out from under the authorization for every transaction that has taken place and create an unmanageable, uncontrollable situation for the Bankruptcy Court."

38. Also, according to the Granite' plan that was **overlooked**, an equitable remedy for my disputed personal injury claim can be fashioned because it hurts no one, not even third parties whom were in the same class as myself. The Plan states: "If, on or after the Effective Date, any Disputed Claim becomes an Allowed Claim, the Disbursing Agent shall, on the fifteenth Business Day of the first month following the month in which the Claim become an Allowed Claim, make any distribution to the holder of such Allowed Claim in an aggregate amount sufficient to provide such holder with the amount that such holder would have been entitled to receive under the Plan if such Claim had been an Allowed Claim on the Effective Date or any Subsequent Distribution Date."  Therefore, **third parties or creditors will not have to disgorge or return any money received from distributions.** I am the sole creditor and the only creditor appealing who has not received any distribution under the plan.

### *This Court's Judicial Oath Requires Fairly Disposing of Judicial Matters*

39. I do not believe a Court of good conscience coupled with the interests of justice can fairly dispose of my appeal without effectively providing for some equitable remedy. Pursuant to Judicial Cannon 3(A)(5). **A Judge Should Perform The Duties of the Office Impartiality and Diligently.** The judicial duties of a judge take precedence over all other activities. In performing the duties prescribed by law, the judge should adhere to the following standards: A.) Adjudicative Responsibilities: (5) A judge should dispose

16-Motion for Rehearing, pursuant to Bankruptcy Rule 8015

promptly of the business of the court. Taken from the commentary on Canon 3A5; In disposing of matters promptly, efficiently and fairly, a judge must demonstrate due regard for the rights of the parties to be heard... **A judge should encourage and seek to facilitate settlement**... I assert *28 U.S.C. 651(a), (b), 652(a)* and *Bankruptcy Rule 9019* allows facilitation.

40. I am a pro se, *informa pauperis* litigant who would like to resolve this litigation in a just way, without resorting to more legal action, for example, Circuit Court appeals, breach of Confirmed Plan lawsuits, etc. In my eyes, it is not conceivable that Granite wants to continue litigation, especially when the moving party (me) wants a just resolution as confirmed plan calls for. **An intermediate option keeps Granite in the same place it is in now, not interrupting its reorganized business.** I ask this Court to please consider the following undisputed facts and circumstances that was **overlooked**: 1.) the District Court in San Jose, CA has ordered an Alternative Dispute Resolution for the initial civil rights claim that is the basis of my bankruptcy claim. At this time, both parties have not participated in any ADR procedures. 2.) In December 2006, both parties began talking of ways to settle litigation, but bankruptcy proceedings halted all efforts. This information was provided to this Court in my request for Judicial Notice. 3.) In the bankruptcy court, I filed a Motion to Mediate, *28 U.S.C. section 651 (a)* because Granite's confirmed Plan calls for it. 4). The Plan calls for a resolution of disputed claims, and I am the only disputed claim on appeal. 5.) This Court's oath calls for fairness and justice in disposing of cases. 6). I believe that both parties can come up with a solution to equitably end this litigation without unraveling the entire reorganization plan or hurting third parties. 7). Even Granite told the bankruptcy court that it had made efforts to resolve my claim with me (bankruptcy court case no. 06-12984, transcript docket #365).

17-Motion for Rehearing, pursuant to Bankruptcy Rule 8015

41. Therefore, it makes sense to allow parties to come up with a 'just' solution without undoing or unraveling the reorganization. I would like more than anything to bring this litigation to the shores of finality in a just manner. **I ask this Court: Will You, Honorable McMahon, Use Your Judicial Powers to Facilitate a Positive Resolution for Both Parties?** Because the entire evidence and facts in my instant appeal does not suggest an equitable remedy would 'knock the props out of reorganization.' As such an order of dismissal due to mootness was clearly erroneous as a matter of law.

42. According to the United States Supreme Court, a finding of fact is clearly erroneous under Federal Rules of Civil Procedure Rule 52(a) when: "[a] finding [of fact] is 'clearly erroneous' when although there is evidence to support [the district court's finding], the reviewing court on the _**Entire Evidence**_ is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.* (1948) 333 U.S. 364, 68 S. Ct. 525, 92 L. Ed. 746.

### *I Will Suffer Irreparable Harm*

43. I assert actual and realized grave prejudice and irreparable harm will result absent an Order of Relief for Rehearing. Anything less by this Court will cripple and *oppress* my efforts to defend against Granite's illegal motion to estimate my personal injury claim, Granite's non-objection to my prima facie $10 million personal injury claim with equitable rights, and the sheer discriminatory treatment my claim received at the hands of the bankruptcy court. **Said action will be like blind-folding me, bounding my legs, then throwing me off the plank into evil treacherous waters of undue burden of more overwhelming, uphill battle litigation.** And, that said action by this Court will miss the mark in God's eye, "…So help me God, " *28 U.S.C. section 453*. It is also against the principles of the Equal Protection clause of the 14th Amendment created by man.

*Interests of Justice*

44. The interests of justice and pursuant to *Federal Rules of Civil Procedure, Rule 60 (b)(6)*, provision of this rule permitting judgment to be set aside for any justifying relief gives district court the power to vacate judgments whenever such action is appropriate to accomplish justice. *U.S. v. Sparks* (9th Cir. 1982) 685 F. 2d 1128.

## D. Jurisdiction

45. Pursuant to *Bankruptcy Rule 8015*, this Court has authority to rehear its appeal opinion: Unless the district court or the bankruptcy appellate panel by local rule or by court order otherwise provides, a motion for rehearing may be filed within 10 days after entry of the judgment of the district court or the bankruptcy appellate panel.

## V. CONCLUSION

46. In conclusion, I respectfully pray and ask this Court to issue an Order of Rehearing so that a miscarriage of justice will not occur. The law is ordained to be followed, irregardless that I am a 'regular joe' and not a wealthy company with a team of legal counselors and financial advisers like Granite. I ask this Court to uphold fairness and equity and remember its oath **"So Help Me God,** *28 U.S.C. section 453*.

47. The clear errors of law and fact, omission of judicial determination, and overlooking controlling law and/or statues, the interests of justice, and an equitable intermediate option provides 'cause,' pursuant to *Federal Rules of Civil Procedure, Rule* 60(b)(6) to vacate this Court's opinion and reorder a rehearing, "whenever such action is appropriate to accomplish justice." *Klapprott v. United States* (1949) 335 U.S. 601, 615. I will suffer irreparable harm if relief is not granted.

Dated April 16, 2008                    Prayerfully and Respectfully Submitted,

                                        JUNE FOSTER, PRO SE

19-Motion for Rehearing, pursuant to Bankruptcy Rule 8015

JUNE FOSTER, Creditor *Inpropria Persona*
P.O. Box 2134
San Leandro, CA 94577
510-614-8156 (phone)


## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK


| | |
|---|---|
| JUNE FOSTER,<br>　　　　Appellant and Creditor<br><br>GRANITE BROADCASTING<br>CORPORATION, <u>et al.</u><br><br>　　　Appellees and Debtors. | **Case No. 07-CV-6217 (CM)**<br><br>**PROOF OF SERVICE PURSUANT<br>TO 28 U.S.C. SECTION 1746** |


I declare that:

I am employed in the County of Alameda, California.

I am over the age of eighteen years and not a party to this case.

On April 16, 2008, a true copy of Creditor's:

**NOTICE, MOTION FOR REHEARING, PURSUANT TO FEDERAL RULES OF
BANKRUPTCY PROCEDURE RULE 8015**

**DECLARATION**

were served on all parties as indicated in a sealed prepaid envelope:

1.　　One copy via USPS mail to counsel for appellee's:

　　　Akin Gump Strauss Hauer & Feld LLP
　　　Attn: Philip M. Abelson, esq. and Brian D. Geldert, esq.
　　　590 Madison Avenue
　　　New York, NY 10022

1

2.    One original and one copy via USPS mail to:

United States District Court
Southern District of New York
Pro Se Department
500 Pearl Street
Room 230
New York, NY 10007

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on April 16, 2008 in San Leandro, California.

Locellous Hawkins

2