5/6/08

JUNE FOSTER, Creditor and Appellant
P.O. Box 2134
San Leandro, CA 94577
510-614-8156 (phone)

*The application for a temporary stay is DENIED. The appeal raises no new issues.*

*Colleen McMahon*

**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUNE FOSTER :<br>    Creditor and Appellant : <br> : <br>GRANITE BROADCASTING : <br>CORPORATION, et al. : <br> : <br>    Debtors and Appellees : <br> : | Case No. 07-CV-6217-CM<br><br>APPELLANT'S DECLARATION IN SUPPORT OF MOTION FOR STAY OR TEMPORARY STAY, PURSUANT TO *FEDERAL RULES OF BANKRUPTCY PROCEDURE*, *RULE 8017* |

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/6/08

I, June Foster, declare and state as follows:

1. I am a self-represented creditor in this bankruptcy matter. I am over the age of 18 years of age. I reside in the State of California. If called, I could testify to the matters contained therein.

2. On December 11, 2007 Granite began its Chapter 11 Bankruptcy case with filings of its Disclosure Statement to its Reorganization Plan.

3. My claim begin with Granite in 2001 and there has been litigation ever since. My causes of action for my claim include, but are not limited to, unconstitutional deprivation of my lawful calling, wrongful termination in violation of California and Federal discrimination laws, and severe emotional distress.

4. On February 7, 2007, I filed an Objection to Granite Disclosure Statement with a

1-Declaration

Copies mailed/faxed/handed to counsel on 5/6/08

Request for a Modification to include my claim in the Plan. Then, on February 22, 2007, I filed an objection to Granite's Response to its Disclosure Statement.

5. On March 2, 2007, the Bankruptcy Court approved Granite's Disclosure Statement with the modification of the claim listed in said document.

6. On March 15, 2007, Granite filed a Motion to Estimate my claim to zero.

7. On April 4, 2007, I filed an Objection to Estimate my claim to zero.

8. On April 5, 2007, I filed an Objection to Granite's Order to Confirm its Confirmation Plan.

9. I borrowed money and incurred more debt, in order to be a participant at the scheduled hearings to determine the estimation of my claim and Granite's confirmation hearing. I am a resident of California, and on April 11 and 16th, I participated at hearings via telephonic appearances by way of Court Call.

10. On May 18, 2007, the Bankruptcy Court issued orders granting Granite's motions to estimate my claim to zero and confirming its Confirmation Plan. The Entry to these Orders possibly occurred on May 18 and 22, 2007, respectively.

11. On May 26, 2007, I served Notice, Motion, and Memorandum of Law to Reconsider Claim Estimation, Proof of Service, Judicial Notice of Docket #'s 210, 322,317, 323, 270, 280, Declaration, Request for Hearing and Telephonic Appearance, Notice of Appeal, Statement of Election for District Court to Hear Appeal, Civil Cover Sheet via USPS Mail. Said Motion was denied.

12. Subsequently, on June 6, and 11th 2007, I filed a Motion to Disqualify Judge, pursuant to *28 U.S.C. section 144, 455*, along with a sworn affidavit, and a second Motion to Reconsider, pursuant to *Title 28 U.S.C. 157 section (b)(1), (b)(2)(B), (b)(2)(O), (b)(5).* (docket

2-Declaration

# 362, 363).

13. On July 12, 2007, the Bankruptcy Court denied my second motion to reconsider and Motion to Disqualify (docket #370). Pursuant to Federal Rules of Bankruptcy Rule 8002, 8006 I have 10 days from these latest orders to amend my notices of appeal, and additional time to amend statement of issues and items designated.

14. On April 3, 2008, this Court ruled against my appeal, and entered a subsequent order on April 7, 2008.

15. I filed a Motion of Rehearing timely on April 17, 2008 due to clear errors of law and fact, omission of judicial determination, overlooking controlling law and/or statues, the interests of justice, and an equitable intermediate option:.

- ⇨ This Court turned a blind eye to Granite's lack of non-compliance with special bankruptcy law that requires an objection to a prima facie claim, and my claim of judicial bias by the bankruptcy court.

- ⇨ This Court erroneously affirmed a bankruptcy court's estimation and de facto trial of my personal injury claim (which involves private state and federal rights), despite a Congressional mandate forbidding it.

- ⇨ This Court erroneously ruled my appeal to Granite's confirmation order is moot because substantial consummation of the plan has occurred. Yet, this Court overlooked the doctrine of constitutional mootness and equitable mootness, together as one, does not allow any part of my appeal to be moot.

- ⇨ The interests of justice and an intermediate option to resolve this dispute can be ordered without 'knocking the props' out of reorganized Granite."

- ⇨ This Court ignored all of my case law and ruled everything in Granite's favor, as though

3-Declaration

my briefs did not exist. That is fundamentally unfair.

17. On April 22, 2008, this Court denied my motion for rehearing without any written reason. Ten days after the Court's decision, I file a motion to stay or temporary stay.

18. I file this Motion for a Stay Pending an Appeal to the Court of Appeals, or a Temporary Stay so that I could apply for a stay with the Court of Appeals. The reason I request a stay is for the following reasons that have been elaborated in the motion: Due to substantial issues on appeal, I may prevail on the merits, I will suffer irreparable damage unless a stay is granted, no substantial harm to Granite or any other party, and there is absolutely no harm to public interest.

Once on appeal, I pointed out to this Court the Due Process errors committed by the bankruptcy court. Then, again on motion for rehearing, I pointed out the Due Process defects this Court made in deciding appeal. The guarantees and protections of the Federal Constitution 14th Amendment are the safeguards I needed to ensure fundamental constitutional legal principles were applied to the adjudication of my appeal. But, I didn't get a constitutional application.

I, a self-represented, poor litigant, assert actual and realized grave prejudice and irreparable harm will result absent an Order of Stay or Temporary Stay. I will suffer if the gross injustice that occurred here, in this Court on appeal, is not stayed. A stay is necessary in order to preserve the status quo of the case and allow the Court of Appeals to rule on the questions of law presented in order to cure the gross injustice committed.

Granite will not suffer any injury if a stay is granted. Granite is a wealthy thriving company. It has bounced back to its place in the broadcast industry, maintaining all its television station assets worth hundreds of millions of dollars. The same CEO and CFO

4-Declaration

before bankruptcy are still at the company now. In fact, Granite is able to pay multi-millions of dollars in legal fees to bankruptcy lawyers and other professionals. Creditors or other parties will not suffer either because they ALL have been paid and their claims resolved.

There is absolutely no harm to public interest if a stay or temporary stay is granted. In fact, it would be a disservice to the public if a stay is not granted. My appeal involves a claim that is centered on a dispute between Granite and I, in which I allege federal constitutional infringements. I have made my constitutional claims in good faith. Pursuant to *28 U.S.C. 1915*, my appeal to this District Court was ruled meritious by the bankruptcy court, which allowed me to obtain *informa pauperis* status. Therefore, it would be against the interest of the public not to stay the status quo of this Court's judgment against a poor, self-represented person's meritious appeal, so that the Court of Appeals can determine the legality of said judgment.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: May 1, 2008

June Foster
JUNE FOSTER
CREDITOR AND APPELLANT

5-Declaration